Guyol, Plaintiff in Error, *vs.* Chouteau *et al.*, Defendants in Error.

1. A party cannot in any case obtain the benefit of a confirmation to another, unless it appears that his title was the basis of the confirmation.
2. Claimants who failed to exhibit their titles for confirmation before they were barred by acts of congress, cannot afterwards claim the benefit of a confirmation to another.
3. If a person is guilty of a fraud, or affects himself with a trust, in obtaining a confirmation, the party seeking the benefit of it must state these facts as a ground of relief. He cannot recover in a simple action of ejectment.
4. Where there are conflicting claims, the one confirmed is the better title.

*Error to St. Louis Court of Common Pleas.*

This was an action in the nature of an ejectment, begun in 1852, by Mary Louise Guyol and two others, claiming to be children of Antoine Roy and Felicité Vasquez. The facts stated in the petition sufficiently appear in the opinion of the court. A demurrer to the petition was sustained, and the plaintiffs sued out a writ of error.

*S. Simmons*, for plaintiff in error. 1. The property acquired from Bolduc entered into the community existing be-

tween Roy and wife. Upon the death of Mrs. Roy, one undivided half of it descended to the plaintiffs, free from the control of Roy, unless by the intervention of the law. 2. Roy held the title obtained by the confirmation to him in trust for the parties beneficially interested. *Groves' heirs* v. *Fulsome,* 16 Mo. Rep. 548. The plaintiffs were minors when Roy obtained the confirmation, and consequently incapacitated to make and present their claim. The confirmation, therefore, should enure to their benefit equally with his own.

*Barton Bates,* for defendant in error. The confirmation to Roy was *prima facie* for his own use entirely. The plaintiffs do not show that they were in such a position that the confirmation enured to their benefit. If they ever had any rights, they became fixed and vested by the death of their mother, before the passage of the first act (of 1805) creating the board of commissioners. They were, therefore, as much bound as other persons to make their claim before the board, and having failed to make any, cannot go behind the confirmation. *Strother* v. *Lucas,* 6 Peters, 770. *Strother* v. *Lucas,* 12 Pet. 412. *Chouteau* v. *Eckart,* 2 Howard, 344. *Les Bois* v. *Bramell,* 4 Howard, 459. *Bissell* v. *Penrose,* 8 Howard, 338. *Grignon* v. *Astor,* 2 Howard, 319. *Landes* v. *Brant,* 10 Howard, 370. *Landes* v. *Perkins,* 12 Mo. Rep. 238, 254. *Janis* v. *Gurno,* 4 Mo. Rep. 458. *Harold* v. *Simonds,* 9 Mo. Rep. 326. Upon the death of Mrs. Roy, if the property was held in community, the one half descended to her heirs, and they had a legal estate, if any. *Picotte* v. *Cooley,* 10 Mo. Rep. 312. *Lindell* v. *McNair,* 4 Mo. Rep. 380.

GAMBLE, Judge, delivered the opinion of the court.

The demurrer to the petition having been sustained, the sufficiency of the petition is the only question. The plaintiffs state a marriage between Antoine Roy, their father, and Felicité Vasquez, their mother, at St. Louis, in 1792; that in 1793, the father and mother acquired by deed, from Louis Bolduc, a

certain lot in St. Louis ; that the mother died in 1803 ; that the lot was confirmed to the father, Antoine Roy, on the 10th of June, 1811 ; that the father died in 1815 ; that the defendants, claiming under Antoine Roy, but without any title from his wife, hold possession of the lot ; that the plaintiffs are the children and heirs of Roy's wife, and as such, entitled to one half of the lot as part of the community created by law, and they pray judgment for the possession of that half.

The conveyance from Bolduc is not made a part of the petition, nor is the confirmation to Antoine Roy, which, from its date, must have been made by the first board of commissioners. It is impossible to say whether the title derived from Bolduc was the basis of the confirmation to Roy, and yet the title from Bolduc is the only one in which the plaintiffs pretend to have any interest.

Again, if the plaintiffs now have title, they had it immediately on the death of their mother in 1803, and if so, it should have been exhibited for confirmation, as was required by the acts, under the penalty of being barred.

The Supreme Court of the United States, in *Strother* v. *Lucas*, 12 Peters, 448, hold that these acts of congress are in the nature of statutes of limitation, and that the courts can make no exceptions to their operation. If the claim was not presented, the party cannot claim the benefit of a confirmation to another. If there were any circumstances of fraud in the person obtaining the confirmation in his own name, which could affect him with a trust in favor of those interested in the title, the circumstances must be stated as a ground of relief, so that the title, which the government has passed to him, may be decreed to pass to those interested. The present action is simply an action of ejectment, founded upon the plaintiffs' title. If there were conflicting claims to the lot, in Antoine Roy and in the plaintiffs, the confirmation to Roy, according to a series of decisions in the Supreme Court of the United States, must be held to pass the title to him. The demurrer was rightly sustained, and the judgment is affirmed.